UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HENRY MELARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-00994 (ESH) |
| ) | |
| CHINA NORTH INDUSTRIES ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This case comes before the Court after eight years of litigation between plaintiff Henry Melara and defendant China North Industries Corporation ("Norinco"), a state-owned company based in the People's Republic of China. Plaintiff's first complaint was filed in federal court in 2001, but dismissed in 2003 for failure to prosecute. *See Hernandez v. Norinco N. China Indus. Corp.* ("*Melara I*"), Civ. No. 01-1071, slip op. (D.D.C. Dec. 8, 2003) (Def. Mot. to Dismiss, Ex. 2). Plaintiff's second complaint, the pending action, was filed in the Superior Court for the District of Columbia in 2005 and removed to federal court in 2009. Before the Court is defendant's motion for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, defendant's motion will be granted.

### BACKGROUND

On May 17, 2000, plaintiff's mother, Eva Hernandez, was shot and killed with an assault

weapon allegedly manufactured by defendant.[1]  (Compl. ¶¶ 16-20, Notice of Removal, Ex. 1 [Dkt. #1].)  In May 2001, plaintiff, as personal representative for the deceased, filed a complaint in the federal district court for the District of Columbia.  *See* Complaint, *Melara I.*, Civ. No. 01-1071 (D.D.C. May 15, 2001).[2]   Plaintiff made several attempts to serve defendant before discovering, in spring 2003, that it was necessary to serve a version of the complaint translated into Mandarin.  (Pl.'s Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. #7] at 5 & Ex. E.)  Judge Kollar-Kotelly of this Court, to whom the prior case was assigned, set a deadline of October 31, 2003, for serving defendant.  *Melara I*, slip op. at 3.  The Court granted one request by plaintiff to extend the deadline to December 8, 2003.  (Pl.'s Opp'n at 5.)  After plaintiff failed to meet this deadline, the Court dismissed plaintiff's suit without prejudice for failure to prosecute his claim.  *Melara I*, Civ. No. 01-1071, slip op. (D.D.C. Dec. 8, 2003).

The Court in *Melara I* held that it was not "powerless to let the case wither on the docket when a plaintiff fails to serve a foreign Defendant[,]" observing that plaintiff's counsel "knowingly sued a Chinese corporation" and "reasonably could have anticipated" that delays would occur.  *Melara I*, slip op. at 3-4.  It further found that the "primary source of delay" was "wrangling between [p]laintiff and [p]laintiffs' counsel" over the costs of translation, and that the "problems in effecting service stem[med] from [p]laintiffs' own failure to ascertain what would

---

[1] In summarizing the relevant proceedings, several of the pleadings and judicial opinions that defendant has filed as exhibits are important.  The Court will therefore take judicial notice of Exhibit 1 to defendant's Notice of Removal and Exhibits 1-2 to defendant's Motion to Dismiss, which are public records. See, e.g., *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 165 n.3 (D.D.C. 2006) (taking judicial notice of public records submitted as exhibits by the defendant as part of a motion to dismiss).

[2] The caption for the first action differs from the present action because plaintiff filed under the name "Henri Hernandez" and named the defendant as "Norinco Northern China Industries Corp."  A second plaintiff in *Melara I*, Ramon Arismende, who also filed as a personal representative for the deceased, subsequently left the country and is not a party to the present action.

be needed to serve a Chinese manufacturer." *Id.* at 4. Noting the "ample opportunities" it had given plaintiff to "perfect service," the Court held that dismissal without prejudice pursuant to Rule 41(b) was appropriate. *Id.* at 4-5. Plaintiff appealed this decision to the Court of Appeals, which affirmed. *Hernandez v. Norinco N. China Indus., Inc.*, 120 F. App'x 371, 371 (D.C. Cir. 2005) (per curiam).[3]

On April 6, 2005, plaintiff filed this action in Superior Court for the District of Columbia. (Notice of Removal, Ex. 1 [Dkt. #1]) In his complaint, he alleged six violations of D.C. statutory or common law against Norinco and two other defendants – KSI and China Sports Inc. (*Id.* Compl. ¶¶ 34-67.) On June 29, 2005, the Clerk of the District of Columbia Superior Court dismissed plaintiff's complaint as to all three defendants under Rule 4(m) of the Superior Court Rules of Civil Procedure. (*See* Dkt. #3-2, at 114-15.) The dismissal was vacated only as to Norinco, because Rule 4(m) does not apply to service in a foreign country. (*Id.*) Several more attempts at service failed for reasons ranging from failing to pay proper fees to using the wrong name for the defendant. (Pl.'s Opp'n, Exs. F-I.) On April 30, 2009, more than four years after filing for the second time and almost nine years after his cause of action arose, plaintiff was finally successful in his effort to serve defendant. (Notice of Removal, Ex. 1.) On May 27, 2009, defendant removed the lawsuit from D.C. Superior Court to this Court on diversity grounds. (Notice of Removal at 3.) Defendant now moves to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

---

[3] The Court of Appeals referred to defendant as "Norinco Northern China Industries Inc.," rather than "Norinco Northern China Industries Corp."

## ANALYSIS

**I.    STATUTE OF LIMITATIONS**

Defendant argues that the statute of limitations bars all of plaintiff's claims.  In the District of Columbia, the statute of limitations for a wrongful death claim is one year.  D.C. Code § 16-2702.  The statute of limitations on other tort claims that have accrued to the "legal representative of the deceased," D.C. Code § 12-101, is three years.  D.C. Code § 12-301(8).  Plaintiff admits that Ms. Hernandez was killed on May 17, 2000.  (Pl.'s Opp'n at 2.)   His pending complaint was not filed until April 7, 2005.  Thus, plaintiff's wrongful death claim was filed almost four years too late and his remaining claims, all of which are brought in his capacity as legal representative of the deceased, were filed nearly two years after the statute of limitations expired.  In response, and noting that his first complaint was timely filed and dismissed without prejudice in December 2003, plaintiff argues that the doctrines of equitable tolling and equitable estoppel should "intervene" and prevent the statute of limitations from barring his claims.  (*Id*. at 8.)

**II.    EQUITABLE RELIEF**

"In evaluating a claim for equitable relief from a statute of limitations, [the Court] must be careful to distinguish between the two primary tolling doctrines." *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003).  Equitable tolling allows courts to apply statutes of limitations "only where the purposes underlying them are met – specifically, avoiding stale claims and ensuring the other party's ability adequately to prepare and defend the case." *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C. 1998).  Equitable estoppel is a "general equity principle" that applies where the defendant has taken "'active steps to prevent the plaintiff from suing in time.'"

4

*East v. Graphic Arts Indus. Joint Pension Trust*, 718 A.2d 153, 160 n.21 (D.C. 1998) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)).

    **A.**    **Equitable Tolling**

Plaintiff mistakenly focuses on the way courts apply the equitable tolling doctrine under *federal* law, when in fact it is D.C. law that controls here. "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2007) (quoting *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Because the *Erie* doctrine applies to the District of Columbia, substantive D.C. law controls in a diversity case, *id.*, and this Court will apply D.C. law regarding equitable tolling. *See Jankovic v. Int'l Crisis Group*, 494 F.3d 1080, 1086-87 (D.C. Cir. 2007) (applying D.C. law of equitable tolling in diversity action).[4]

Although the "federal statutes of limitations are generally subject to equitable principles of tolling," *Rotella v. Wood*, 528 U.S. 549, 560 (2000), "District of Columbia law does not contemplate the invocation of equitable tolling in response to the assertion of the limitations defense following a dismissal without prejudice." *Sayyad*, 674 A.2d at 905-06 (citing *Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981)) (refusing to toll the statute of limitations where plaintiff "failed properly to serve the defendants in the case"). This rule of D.C. law applies even where "in individual cases, the rationale for the limitations doctrine will not be served, and a dismissal would frustrate the well-established preference for adjudicating cases on their merits."

---

[4] Though plaintiff cites to federal law in supporting his motion (Pl.'s Opp'n at 10-11), he does not dispute defendant's application of D.C. law and actually cites it himself. (*See, e.g.*, Pl.'s Opp'n at 11 (citing D.C. precedent on the wrongful death statute).)

*Id.* at 906. Thus, plaintiff cannot assert an equitable tolling defense based on the timely filing of a claim that was later dismissed without prejudice.[5]

**B.      Equitable Estoppel**

Collateral estoppel bars plaintiff from arguing that defendant should be equitably estopped from asserting the statute of limitations (Pl.'s Opp'n at 15-17) and from challenging *Melara I* and the dismissal without prejudice of his original claim. (*Id.* at 18-34.) The District of Columbia bars relitigation "(1) [of an] identical issue (2) that was fully and fairly litigated and (3) determined by a valid judgment on the merits (4) in which the issue was essential." *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 169 (D.D.C. 2006) (quoting *Bryson v. Gere*, 268 F. Supp. 2d 46, 57 (D.D.C. 2003)).[6] It is clear that plaintiff's argument is founded on an issue that was fully and fairly litigated in *Melara I*, i.e., plaintiff's fault in the failure to effect timely service on Norinco. *Melara I* dismissed plaintiff's prior suit without prejudice for "failure to effect service 'within a specified time' and for "failure of the plaintiff to prosecute." *Hernandez*,

---

[5] Plaintiff's assertions that he was not at fault for failing to serve process and his references to the "extraordinary circumstances" involved in delivering his complaint to a Chinese corporation (Pl.'s Opp'n at 13) imply that the Court should apply the "extraordinary-circumstances variation" of equitable tolling. *See Doe v. Exxon Mobil Corp.*, 573 F. Supp. 2d 16, 34 (D.D.C. 2008) (noting application of equitable tolling doctrine where "extraordinary circumstances prevented the plaintiff from filing despite his or her diligence"). Of course, as the Court noted in *Exxon Mobil Corp.*, the courts of the District of Columbia have never directly addressed this exception. *Id.* In any case, this Court would be collaterally estopped from applying it. *See infra* Part II.B.

[6] Although it is "unclear" whether the law of collateral estoppel is procedural or substantive for the purposes of applying federal or D.C. law, the rules of each jurisdiction are "substantially similar." *Bryson*, 268 F. Supp. 2d at 56-57. The extra consideration required under federal law – whether applying collateral estoppel would "work a basic unfairness" – "would not affect its application in this case." *Id.* Plaintiff had "ample opportunity" to argue that the statute of limitations should have been waived during the litigation of his initial claim; "[a]ccordingly, there is no 'basic unfairness' in barring relitigation." *See Rogers*, 462 F. Supp. 2d at 169; *Bryson*, 268 F. Supp. 2d at 57.

120 F. App'x at 371 (quoting Fed. R. Civ. P. 4(m) & 41(b)). This valid judgment on the merits was affirmed by the D.C. Circuit. *Id.* Plaintiff's responsibility for failing to serve Norinco was an essential issue in this determination: "the Court finds that Plaintiffs' problems in effecting service stem from Plaintiffs' own failure to ascertain what would be needed to serve a Chinese manufacturer." *Melara I*, at 4. The heart of plaintiff's argument that defendant should be equitably estopped from asserting the statute of limitations is that his failure to effect service should be excused as the fault of defendant. This very claim was rejected by Judge Kollar-Kotelly in 2003, and as a matter of law, it cannot be raised again under the doctrine of collateral estoppel. Therefore, he cannot assert a claim for equitable relief on this basis.

## CONCLUSION

The claims in plaintiff's complaint were not brought within the applicable statute of limitations periods, and, therefore, the complaint will be dismissed pursuant to Rule 12(b)(6).[7] Defendant's motion to dismiss will be GRANTED and the above-captioned action will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

／s／
ELLEN SEGAL HUVELLE
United States District Judge

Date:   September 30, 2009

---

[7] The conduct of defendant in the years after the Court's opinion in *Melara I* is not relevant. Three and a half years passed between the time plaintiff's cause of action accrued and the dismissal of his case. Since a claim that is involuntarily dismissed without prejudice does not toll the statute of limitations under D.C. law, plaintiff's claims were, in effect, barred by the statute of limitations immediately upon dismissal. "In short, when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).